Kevin D. McCullough
State Bar No. 00788005
Shannon S. Thomas
State Bar No. 24088442
ROCHELLE McCULLOUGH, LLP
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 953-0182
Facsimile: (888) 467-5979
kdm@romclaw.com
sthomas@romclaw.com

PROPOSED GENERAL COUNSEL FOR
LAURIE DAHL REA, CHAPTER 11 TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 23-20172-rlj11** |
| | § | |
| **CAPROCK LAND COMPANY, LLC,** | § | |
| | § | |
| *Debtor*. | § | |
| | § | |

**CHAPTER 11 TRUSTEE'S MOTION TO CONVERT
CASE TO CHAPTER 7**

TO THE HONORABLE ROBERT L. JONES, UNITED STATES BANKRUPTCY JUDGE:

Laurie Dahl Rea, Chapter 11 Trustee (the "Trustee") for the bankruptcy estate of Caprock Land Company, LLC, files this *Motion to Convert Case to Chapter 7* (the "Motion"), and in support, states as follows:

**SUMMARY**

1. The Trustee files this Motion seeking an order converting this case to chapter 7.

Based on the circumstances—including the fact that the business is no longer operating and is being actively liquidated, and there is no reason for the case to remain in chapter 11—the Trustee asks this court to convert this case to chapter 7.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a) and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicate for the relief requested in this Motion is sections 1112(b)(1) of the Bankruptcy Code, Federal Bankruptcy Rules 2002 and 9014, and this Court's Local Rule of Bankruptcy Procedure 9014. This Court has constitutional authority to grant the relief requested herein.

## BACKGROUND

3. On August 25, 2023, CapRock Land Company, LLC dba Caprock Grain (the "Debtor" or "Land") filed its voluntary chapter 11 bankruptcy petition. Thereafter, on November 3, 2023, affiliated entity, Caprock Milling & Crushing, LLC ("Milling"), filed a chapter 11 bankruptcy case which is also pending in the Court as Case No. 23-20251-rlj11.

4. Milling is a partially owned subsidiary of Land, and both debtors are involved in the agricultural commodities industry. Specifically, Land is in the business of purchasing and selling agricultural commodities, while Milling is involved in the processing and storage of such commodities. The Trustee was appointed the Chapter 11 Trustee of the Debtor in an order entered on December 26, 2023, [Dkt. No. 166] and she continues to serve in that capacity.

**RELIEF REQUESTED**

5. Section 1112(b)(1) requires the Court to convert a case from chapter 11 to chapter 7 at the request of a party in interest for "cause." Upon hearing "cause" under section 1112(b)(1), the Court's alternatives are dismissal, appointment of a chapter 11 trustee, or conversion to chapter 7. The Court's decision is based on what is in the best interest of creditors. *See In re Kowalski*, 2108 Bankr. LEXIS 3809 (Bankr. N.D. Ill. Nov. 30, 2018) (converting a chapter 11 case to chapter 7 at the request of the chapter 11 trustee).

6. In this case, the Trustee was originally appointed at the behest of the Debtor's largest creditor, StoneX Commodity Solutions LLC ("StoneX"). In its *Motion to Convert Chapter 11 Case to Chapter 7, or in the Alternative, to Appoint Chapter 11 Trustee*, StoneX cited the Debtor's "cash position and projected future operations," as well as "gross mismanagement and substantial losses," amongst other things, as cause. *See* Dkt. No. 134. Ultimately, the Trustee was appointed upon agreement of the Debtor and StoneX. *See* Dkt. No. 160. At the time the Trustee was appointed, the Debtor was no longer operating, and there have been no operations since.

7. Accordingly, the Trustee seeks conversion to chapter 7 for cause. Section 1112(b)(4) lists examples of cause. In this case, the Trustee contends that cause exists under 1112(b)(4)(A)—"substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." The Trustee has determined – in conjunction with both the Debtor and the Debtor's largest creditor – that rehabilitation of the Debtor's business is not possible. The Trustee has undertaken efforts to value the remaining assets of the Debtor and is actively engaged in marketing and liquidating those assets. Simply put, there is no likelihood of rehabilitation in this case.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, The Trustee respectfully requests entry of an order, substantially in the form attached hereto, converting this case to chapter 7 as well as all other relief as may be appropriate under the circumstances.

Dated: February 12, 2024

Respectfully submitted,

*/s/ Shannon S. Thomas*
Kevin D. McCullough
State Bar No. 00788005
Shannon S. Thomas
State Bar No. 24088442
ROCHELLE MCCULLOUGH, LLP
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 953-0182
Facsimile: (888) 467-5979
kdm@romclaw.com
sthomas@romclaw.com

PROPOSED COUNSEL FOR THE CHAPTER 11 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2024 a true and correct copy of this document was served via ECF Electronic Notice, where available, and via first class mail to the parties and counsel on the attached list. On the same date, a copy of this document was sent to the United States Trustee by email at the address below.

**United States Trustee**
1100 Commerce Street, Room 976
Dallas, Texas 75242-1496
Asher.Bublick@usdoj.gov

*/s/ Shannon S. Thomas*
Shannon S. Thomas