Kevin D. McCullough
State Bar No. 00788005
Shannon S. Thomas
State Bar No. 24088442
ROCHELLE MCCULLOUGH, LLP
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 580-2520
Facsimile: (888) 467-5979
kdm@romclaw.com
sthomas@romclaw.com

Curt D. Hochbein
State Bar No. (IN) 29284-29
ROCHELLE MCCULLOUGH LLP
One Indiana Square
211 North Pennsylvania St.
Ste. 1330
Indianapolis, IN 46204
Telephone: (317) 608-1137
chochbein@romclaw.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| CAPROCK LAND COMPANY, LLC, | § § | CASE NO. 23-20172-SGJ-7 |
| DEBTOR. | § § | |

**MOTION TO APPROVE SETTLEMENT OF CLAIMS AGAINST F. W. COBS COMPANY, INC. PURSUANT TO FED R. BANKR. P. 9019**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254 DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON FRIDAY, SEPTEMBER 12, 2025, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE STACEY G. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:

Laurie Dahl Rea, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Caprock Land Company LLC d/b/a CapRock Grain ("Debtor") files this *Motion to Approve Settlement of Claims Against F.W. Cobs Company, Inc. Pursuant to Fed. R. Bankr. P. 9019* (the "Motion"), requesting the Court enter an order authorizing her to compromise and settle certain claims asserted against F. W. Cobs Company, Inc. ("F.W. Cobs" and collectively with the Trustee, ("Parties")) on the following grounds:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is Federal Rule of Bankruptcy Procedure 9019.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3. The Debtor filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on August 25, 2023 ("Petition Date"), initiating Bankruptcy Case No. 23-20172.

4. The Trustee was appointed as chapter 11 trustee after the Court granted a motion to appoint trustee filed by creditor StoneX Commodity Solutions LLC [Dkt. Nos. 160 and 166].

5. On the Trustee's own motion, this case was converted to chapter 7 on March 18, 2024, initiating the above captioned case (the "Bankruptcy Case"). The Trustee was then appointed as chapter 7 trustee [Dkt. Nos. 176, 203, and 204].

6. Prior to the Petition Date, Debtor contracted the services of F.W. Cobs.

7. Within the ninety (90) days immediately preceding the Petition Date (the "Preference Period") the Debtor made two transfers to F.W. Cobs totaling $104,166.27 ("Transfers").

8. The Trustee asserts that the Transfers are avoidable as preferential transfers pursuant to section 547(b) of the Bankruptcy Code. Although the Trustee has not initiated an adversary proceeding to avoid and recover the Transfers, she did send a demand letter to F.W. Cobs.

9. In response, F.W. Cobs asserted certain defenses to the avoidance and recovery of the Transfers under section 547(c) of the Bankruptcy Code.

10. After reviewing their respective rights and obligations, the Parties engaged in settlement negotiations and have reached a settlement, subject to bankruptcy court approval. A true and correct copy of the proposed settlement agreement ("Settlement Agreement") is attached hereto as **Exhibit A**.

11. The Settlement Agreement provides that within seven (7) days after entry of an order by the Bankruptcy Court approving this Agreement, F.W. Cobs shall pay to the Trustee $5,000.00 (the "Settlement Funds") in full satisfaction of the Transfers.

12. The Settlement Agreement further provides for releases of all claims each Party may have against the other including their respective professionals.

13. The Trustee believes the proposed settlement is a fair and equitable compromise that, in the Trustee's business judgment, offers the best, most expedient, and cost-effective way to handle the dispute among the Parties. Specifically, it avoids the cost and uncertainty of litigation and collection while also reducing administrative claims against the estate that would have priority over unsecured creditors.

**RELIEF REQUESTED**

14.     Pursuant to Bankruptcy Rule 9019, the Trustee respectfully requests that this Court enter an order approving the Settlement Agreement and authorize the Trustee to settle the claims asserted against F.W. Cobs pursuant to the terms thereof. The alternative to this Settlement Agreement involves costly litigation, requiring a substantial amount of time, money, and legal challenges. For these reasons, the Trustee has concluded that the interests of the estate and its creditors are best served by entering into the Settlement Agreement.

**BASIS FOR RELIEF REQUESTED**

15.     Pursuant to Bankruptcy Rule 9019, the Court should approve the Settlement Agreement and authorize the Trustee's proposed settlement and compromise of her claims against F.W. Cobs.

16.     Bankruptcy Rule 9019 grants a court the authority to approve a compromise or settlement after notice and a hearing. FED. R. BANKR. P. 9019. Under this authority, courts have routinely approved compromises and settlements that minimize litigation and benefit the bankruptcy estate. *See In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005) (stating "[o]ne of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves"); *see also Marandas v. Bishop* (*In re Sassalos*), 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy"). Whether to approve or deny a compromise involving the bankruptcy estate is committed to the discretion of the court; an appellate court will reverse only when that discretion has been abused. *In re Jackson Brewing Co.,* 624 F.2d 599, 602-03 (5th Cir. 1980).

17.     In deciding whether to approve a proposed settlement agreement or compromise of controversy, a bankruptcy court should consider the following factors:

  a. The probability of success on the merits and the resolution of the dispute;

  b. The complexity of the litigation being settled;

  c. The expense, inconvenience, and delay associated with litigating the dispute; and

  d. The paramount interests of creditors.

*In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995); *see also Jackson Brewing*, 624 F.2d at 602 (*citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968); *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929)).

  18. When considering these factors, a court should determine whether the settlement is "fair and equitable" as a whole instead of focusing on one factor in particular. *Jackson Brewing Co.*, 624 F.2d at 602. Finally, settlements should be allowed unless they fall below the lowest point of the range of reasonableness. *See In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983).

  19. Application of the foregoing factors demonstrates that the settlement terms described above and more fully detailed in Exhibit A are reasonable under the circumstances, and little more is ever likely to be gained by continuing negotiations or litigation. The Settlement Agreement was reached through arm's length negotiations and resolves numerous legal and factual disputes, which would otherwise require significant and protracted litigation, and for which there is no guaranty of success or collection.

  20. Moreover, the Trustee has weighed the probability of an affirmative recovery against F.W. Cobs and has concluded that the challenges presented by such actions outweigh the benefits, so there would likely be no upside for creditors as a whole given the increase in administrative costs that would be incurred.

  21. The terms of the Settlement Agreement fall well within the range of reasonableness under these circumstances. Therefore, the Trustee submits that, in her business judgment, the

Settlement Agreement and the terms thereof are fair and equitable, maximize value for the estate, and serve the best interests of all parties in interest under the circumstances.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee respectfully requests that this Court enter an order (i) granting this Motion; (ii) authorizing the settlement and compromise between the Parties; and (iii) providing the Trustee with such other and further relief to which she may show herself to be justly entitled.

Dated: August 22, 2025.

Respectfully submitted,

ROCHELLE MCCULLOUGH, LLP

*/s/ Curt D. Hochbein*
Curt D. Hochbein
State Bar No. (IN) 29284-29
ROCHELLE MCCULLOUGH, LLP
One Indiana Square
211 North Pennsylvania St. 1330
Indianapolis, IN 46204
Telephone: (317) 608-1137
chochbein@romclaw.com

- and –

Kevin D. McCullough
State Bar No. 00788005
Shannon S. Thomas
State Bar No. 24088442
ROCHELLE MCCULLOUGH, LLP
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 953-0182
Facsimile: (888) 467-5979
kdm@romclaw.com
sthomas@romclaw.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a true and correct copy of the foregoing document was served on August 22, 2025 pursuant to N.D. Tex. L.B.R. 2002-1(f), either electronically upon each party who is a registered user of ECF or by US Mail on the attached service list.


              */s/ Curt D. Hochbein*
              Curt D. Hochbein